UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ATIGH MOHAMED YAHYA ZEIN     Plaintiff

v.     Civil Action No. 3:21-cv-511-RGJ

UNITED STATES ATTORNEY     Defendants
GENERAL, MERRICK GARLAND, et al.

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Defendants move to dismiss this action in part. [DE 4]. Plaintiff, Atigh Mohamed Yahya Zein ("Zein"), did not respond and the time for doing so has passed. For the reasons below, the motion is **GRANTED**.

### BACKGROUND

Zein filed this action requesting *de novo* review of the denial of his application for naturalization and request for a hearing. [DE 1 at 1]. Zein has named the following as Defendants: United States Attorney General, Merrick Garland; Secretary of the Department of Homeland Security, Alejandro Mayorkas; Director of the United States Citizenship & Immigration Service ("USCIS"), Ur Mendoza Jaddou; District Director, District Cleveland, USCIS; and Louisville Field Office Director USCIS, Carolyn Wolfe. *Id.*

Zein is a citizen of Mauritania and has been a lawful permanent resident of the United States since January 5, 2012. [DE 1 at 3]. Zein applied for naturalization in Kentucky on October 14, 2016. [DE 1 at 5]. On August 6, 2019, USCIS denied his application for naturalization on the grounds that he had allegedly made misstatements about his living situation on his application and in his naturalization interview. *Id.* Zein disputes the materiality of these misstatements. [DE 1 at 6]. Zein appealed this decision by filing a request for a hearing before an immigration officer. [DE

1

1 at 5]. The hearing took place on October 15, 2020. *Id.* On October 23, 2020, the USCIS again denied his application, affirming their prior finding. [DE 1 at 6].

In 2021, Zein filed this action. [DE 1 at 1]. Zein cites 8 U.S.C. § 1421(c) and § 702 of the Administrative Procedure Act (APA) as the basis of jurisdiction and the basis of his claim, and alleges that administrative remedies have been exhausted. [DE 1 at 2]. Zein claims first that Defendants violated the Immigration and Nationality Act (INA) in concluding that Zein made a false statement and thus lacked the requisite moral character required for naturalization. [DE 1 at 6]. Zein further claims that Defendants violated the APA because their conclusion that Zein made a false statement is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." [DE 1 at 7]; 5 U.S.C. § 706(2)(A). Zein asks the Court to hold a hearing on the matter, review *de novo* his application for naturalization, grant him naturalization, award him costs, attorney's fees, and any other damages to which he may be entitled. [DE 1 at 7–8].

Defendants moved to dismiss in part under Federal Rules of Civil Procedure (FRCP) 12(b)(1), for lack of subject matter jurisdiction, and FRCP 12(b)(6), for failure to state a claim upon which relief may be granted. [DE 4]. Defendants argue Attorney General Merrick Garland is not a proper party to this action, review under the Administrative Procedure Act is improper because other remedies are available, and a trial by jury is unavailable in this proceeding. [DE 4]. Defendants do not seek dismissal of Plaintiff's claims under 8 U.S.C. § 1421 against Defendants other than Attorney General Merrick Garland.

**STANDARDS OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the Complaint. Fed. R. Civ. P. 12(b)(1). Generally, Fed. R. Civ. P. 12(b)(1) motions fall into two categories: facial attacks and factual attacks. Fed. R. Civ. P.

12(b)(1); *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994). In a facial attack, the Defendant asserts that the allegations in a Complaint are insufficient on their face to invoke federal jurisdiction. *Id.* By contrast, in a factual attack, the Defendant disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction and the Court is free to weigh the evidence. *Id*. Plaintiff has the burden of proving subject matter jurisdiction to survive a motion to dismiss pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala,* 80 F.3d 1121, 1130 (6th Cir. 1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To properly state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers*, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

## DISCUSSION

Defendants argue that the Attorney General is not a proper party to this action, Zein's claim under the Administrative Procedure Act lacks subject matter jurisdiction, and Zein's requested relief of a jury trial is unavailable in judicial review of naturalization applications.

A. The Attorney General as a Party.

Defendants assert the Attorney General is not a proper party to this action. They argue that the Attorney General does not have ultimate authority over the Department of Homeland Security. As a result, Defendants argue, the Attorney General lacks the authority to grant Zein the relief he seeks. "The sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General." 8 U.S.C. § 1421(a). Yet "[i]n 2002, Congress transferred authority (1) to commence removal proceedings and (2) to adjudicate applications for naturalization from the Attorney General to the Secretary of the Department of Homeland Security." *Ajlani v. Chertoff*, 545 F.3d 229, 231 n.2 (2d Cir. 2008). "Consequently, the term 'Attorney General' in Section 1421 now refers to the 'Secretary of Homeland Security.'" *Ali v. Swacina*, No. 15CV61820, 2015 WL 8610535, at *3 (S.D. Fla. Dec. 14, 2015). As a result, the statutory reference to the Attorney General in 8 U.S.C. § 1421 is "a legal artifact," and "a petition for review must be brought against USCIS." 8 C.F.R. § 336.9.

Zein names the Attorney General as a defendant in his official capacity, but his only allegation regarding the Attorney General is that he has "ultimate authority over the United States Department of Homeland Security." [DE 1 at 3]. Because the Attorney General does not have ultimate authority over the Department of Homeland Security, the Attorney General is not a proper party and Zein's complaint fails to state a claim against the Attorney General on which relief can be granted.

B. Whether Zein's Claim Under the Administrative Procedure Act ("APA") is Proper.

Defendants also assert that the Court lacks subject matter jurisdiction over Zein's claims based on the APA. They argue that Zein's claim for review under the APA must be dismissed because other remedies are available. [DE 4 at 84–85]. "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review" under the APA. 5 U.S.C. § 704. This section of the APA "does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures." *Johnson v. Vilsack*, 833 F.3d 948, 955 (8th Cir. 2016). The Immigration and Nationality Act (INA) also provides for judicial review of the denial of a naturalization application. 8 U.S.C. § 1421(c).

When confronted with petitions for review under both the INA and the APA, other courts have held that the judicial review provided for in the INA precludes review under the APA. *Anton v. Lynch*, No. 15-20241-CIV, 2015 WL 12671386, at *3 (S.D. Fla. July 6, 2015); *Heslop v. Holder*, No. 8:13-cv-944-T-24-MAP, 2014 WL 554563, at *4 (M.D. Fla Feb. 12, 2014); *Khawaja v. Mueller*, 2012 WL 1857849, at *6 (S.D. Tex. May 21, 2012); *Lezzar v. Heathman*, 2012 WL 4867696, at *6 n.10, *9 (S.D. Tex. Oct. 11, 2012). Zein has brought a claim under the INA in addition to his claim under the APA. [DE 1 at 6]. Because review under the APA is available only

when "there is no other adequate remedy in a court," review under the INA precludes Zein's claim under the APA. 5 U.S.C. § 704. For that reason, the Court does not have subject matter jurisdiction over this claim.

    C. <u>Zein's Request for a Jury Trial.</u>

Finally, Defendants assert that Zein's requested relief of a jury trial is unavailable. They argue that no trial by jury is available in judicial review of a denial of naturalization. [DE 4 at 85]. "The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "[S]overeign immunity precludes demands for jury trials on claims against the federal government unless Congress has clearly waived that immunity and expressly granted a right to a jury trial." *Haynie v. Veneman*, 272 F. Supp. 2d 10, 20 (D.D.C. 2003), *citing Lehman v. Nakshian*, 453 U.S. 156, 164–65 n.13 (1981). "[I]f Congress waives the Government's immunity from suit . . . the plaintiff has a right to a trial by jury only where that right is one of the terms of the Government's consent to be sued." *Lehman*, 453 U.S. at 160. "[T]he plaintiff in an action against the United States has a right to trial by jury only where Congress has affirmatively and unambiguously granted that right by statute." *Id.* at 168.

Congress has expressly granted Zein the right to judicial review of his denial of naturalization at 8 U.S.C. § 1421(c). However, because nowhere in that statute or elsewhere has Congress "expressly granted a right to jury trial," no jury trial is available. *Haynie*, 252 F. Supp. 2d at 20. A jury trial based on the Seventh Amendment has also been precluded by the Supreme Court. "It has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government." *Lehman*, 453 U.S. at 160. Nor is there any right to a jury trial under the Seventh Amendment or otherwise for those subjects Congress has accorded to administrative adjudication. *Tull v. United States*, 481 U.S. 412, 418 n.4 (1987) (the "Seventh

Amendment is not applicable to administrative proceedings"). Because Congress has not expressly granted a right to a trial by jury in review of the denial of an application for naturalization, and the Supreme Court has precluded a Seventh Amendment right to a trial by jury in such a case, a jury trial is not available as a remedy in this case. Therefore, Zein's request for a jury trial is dismissed.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the United States' Partial Motion to Dismiss [DE 4]. The Attorney General is dismissed as a party to this action because the Complaint fails to state a claim against him upon which relief can be granted. The Plaintiff's claim for review under the Administrative Procedure Act, 5 U.S.C. § 702, is dismissed because the Court lacks subject matter jurisdiction over the claim. Finally, the requested relief of a jury trial is denied and dismissed with prejudice because the relief is not available in this matter.

*[signature]*
Rebecca Grady Jennings, District Judge
United States District Court

February 10, 2022

7