UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ATIGH MOHAMED YAHYA ZEIN                                              Plaintiffs

v.                                                         Civil Action No. 3:21-cv-511-RGJ

ALEJANDRO MAYORKAS, et al.                                            Defendants

\* \* \* \* \*

## **MEMORANDUM OPINION & ORDER**

Defendants Secretary of the Department of Homeland Security Alejandro Mayorkas, Director of the United States Citizenship & Immigration Service ("USCIS") Ur Mendoza Jaddou, District Director, District Cleveland, USCIS, and Louisville Field Office Director USCIS, Carolyn Wolfe ("Defendants") move for summary judgment. [DE 17]. Plaintiff Atigh Mohamed Yahya Zein ("Zein") responded [DE 20], and Defendants replied. [DE 21]. Zein also moved for summary judgment [DE 18], and Defendants responded. [DE 19]. The Court allowed time for a reply; Zein did not file one. These matters are ripe. For the reasons below, Defendants' motion for summary judgment [DE 17] is **GRANTED** and Zein's motion for summary judgment [DE 18] is **DENIED**.

## **BACKGROUND**

The parties submitted the following statement of agreed facts:

1. On April 2, 1999, Petitioner Atigh Mohamed Yahya Zein[1], a citizen of Mauritania, was admitted to the United States as a B-2 nonimmigrant visitor for pleasure. His six month visa authorized his presence in the United States until October 2, 1999.
2. On November 4, 1999, Zein made an application for asylum. Zein subsequently withdrew that application on or about June 3, 2003.
3. On December 8, 2001, Zein became the father to Yacine, his only child by Danitza Aponte, and first in total.
4. On May 26, 2003, Zein married United States citizen Michelle Barr in Louisville.

---

[1] Atigh Mohamed Yahya Zein has gone under various names since arriving in the United States, most frequently Atigh Ould Mohamed Yahya. He is referred to herein by his name in the caption to this lawsuit, or as "Zein".

1

5. On June 17, 2003 Barr filed a Form I-130 Petition for Alien Relative for Zein, indicating that Zein was Barr's spouse. An I-130 is a United States citizen's request to have a noncitizen classified as a spouse of an immediate relative.
6. On December 26, 2003, the June 17, 2003 I-130 Petition for Alien Relative that Barr filed for Zein was withdrawn.
7. On February 12, 2005, Zein married United States citizen Jennifer Kassinger.
8. On March 2, 2005, Zein was the beneficiary of a second I-130 Petition for Alien Relative, filed by Kassinger.
9. On October 21, 2008, Kassinger's attorney responded to a request for additional evidence by communicating that the marriage was in the process of being annulled.
10. On May 29, 2009, the March 2, 2005 I-130 Petition for Alien Relative Kassinger filed for Zein was denied, after the marriage had been annulled.
11. On August 7, 2009, Zein married Danitza Imana-Aponte, previously a citizen of Bolivia, who had been naturalized as a United States citizen on August 29, 2008. Imana-Aponte was the mother of his child Yacine born on December 8, 2001.
12. On August 16, 2009, Danitza Imana-Aponte filed an I-130 Petition for Alien Relative for Zein, and Zein filed an I-485 Petition to Adjust Status. An I-485 is a noncitizen's petition to obtain lawful permanent residence, also known as a "green card", without having to return to the noncitizen's home country, obtain an immigrant visa, and be inspected and enter the United States as a lawful permanent resident.
13. On January 5, 2012, USCIS approved both the I-130 Petition for Alien Relative that Danitza Imana-Aponte filed for Zein on August 16, 2009, and the I-485 Petition to Adjust Status Zein filed on August 16, 2009. From January 5, 2012 forward, Zein has been a lawful permanent resident of the United States.
14. On June 25, 2012, Zein became the father to Deya, his first child by Mariyem Mohamed Bediouh[2], and second in total. Deya's birth certificate lists an address of 41080 Stony Ridge Rd., Louisville, for Mariyem Bediouh.
15. July 13, 2012 is the date of Zein's signature on a passport application for Deya, using the name Mohammed Atigh Yahya, and listing his address as 4108 Stony Ridge Rd. Apt 49. Zein is listed as Deya's father and as her emergency contact on the passport application.
16. On October 16, 2014, Zein became the father to Mohamed, his second child by Mariyem Mohamed Bediouh, and third in total.
17. On December 3, 2015, Zein became the father to Sarra, his third child by Mariyem Mohamed Bediouh, and fourth in total.
18. On August 31, 2016, a Florida state magistrate judge issued a Report and Recommended Final Judgment of Dissolution of Marriage for Zein's marriage to Danitza Imana-Aponte.
19. On September 20, 2016, Zein's marriage to Danitza Imana-Aponte ended with a Florida divorce order.
20. On October 14, 2016, with the assistance of counsel, Zein filed a Form N-400 Application for Naturalization, on the basis that he had been then a lawful permanent resident for five years. Zein filed this application under the early filing provision, that is, within ninety days prior to meeting the five-year residence requirement of 8 U.S.C. § 1427.
21. The form for Zein's October 14, 2016 N-400 Application for Naturalization required Zein to identify every location where he had lived during the last five years. In Zein's October

---

[2] Mariyam Bediouh's name appears in the record under numerous different spellings.

14, 2016 N-400 Application for Naturalization submitted to USCIS, Zein listed the following addresses, all in Louisville, Kentucky:
> From June, 2016 until the date of filing: 1606 King of Arms Ct. Apt. A;
> From June, 2014 until June, 2016: 1600 King of Arms Ct. Apt. H;
> From July, 2009 until June, 2014: 1101 Falcon Wood Rd.

22. In Zein's October 14, 2016 N-400 Application for Naturalization, Zein indicated "no" to the question "Have you EVER given any U.S. Government officials any information that was false, fraudulent or misleading?"
23. On January 18, 2018, USCIS interviewed Zein in Louisville, Kentucky in connection with his October 14, 2016 N-400 Application for Naturalization. Zein was placed under oath and questioned as to, among other things, his address history, wherein he provided one additional address:
> From March, 2014 until June, 2014: 1600 King of Arms Ct. Apt. D, with a friend, Moussa Dakit.

24. During the January 18, 2018 interview in connection with Zein's October 14, 2016 N-400 Application for Naturalization, as Zein had three children, Zein was asked about his residence in connection with the mother, Mariyem Bediouh, and Zein disclosed the relationship and stated that it dated back to 2011. As to his residence, Zein stated, orally and under oath, that he had never lived with Bediouh and had no additional addresses other than those previously discussed.
25. During the January 18, 2018 interview in connection with Zein's October 14, 2016 N-400 Application for Naturalization, Zein testified that he had lived at no other addresses since July 2009, and that he had never lived with the mother of his three youngest children, Mariyem Bediouh.
26. During the January 18, 2018 interview in connection with Zein's October 14, 2016 N-400 Application for Naturalization, as Zein had three children, Zein was asked about his residence in connection with the mother, Mariyem Bediouh, and Zein disclosed the relationship and stated that it dated back to 2011. As to his residence, Zein stated, orally and under oath, that he had never lived with Bediouh and had no additional addresses other than those previously discussed.
27. During the January 18. 2018 interview in connection with Zein's October 14, 2016 N-400 Application for Naturalization, when asked who he lived with at each address, Zein stated the following:
   a) From June, 2016 until the date of filing: 1606 King of Arms Ct. Apt. A, with a roommate Lemie and no one else;
   b) From June, 2014 until June, 2016: 1600 King of Arms Ct., Apt. H, USCIS records reflect that Zein testified that he lived here by himself with no one else, while Zein disputes that he testified to living there by himself with no one else, and on September 6, 2019 Zein provided to USCIS, with his Form N-336, Request for a Hearing on a Decision in Naturalization Proceedings, a declaration from Mohamed Elmoustapha Hamoud stating that Elmoustapha Hamoud hosted Mariem Beddiyouh in his place located at 1600 King of Arms Court, Apt. H, from May 1, 2014 to December 22, 2014, and from April 7, 2015 to January 21, 2016;
   c) From March, 2014 until June, 2014: 1600 King of Arms Ct. Apt. D, with a friend, Moussa Dakit;

3

28. During the January 18, 2018 interview in connection with Zein's October 14, 2016 N-400 Application for Naturalization, Zein also testified under oath that he did not ever give any U.S. Government officials any information that was false, fraudulent, or misleading.
29. On August 7, 2019, USCIS denied Zein's N-400 Application for Naturalization. USCIS found that Zein lacked good moral character. Specifically, USCIS found that Zein had falsely testified about three matters:
    a) Zein's address history. On Zein's October 14, 2016 N-400 Application for Naturalization and in his January 18, 2018 sworn testimony to USCIS, when asked for all addresses at which he had lived, Zein did not disclose 4108 Stony Ridge Rd. Apt 49 as an address. On July 13, 2012, Zein signed a passport application for Deya, a daughter he had in common with Mariyem Bediouh. In that passport application for Deya, Zein's address, under the name Mohammed Atigh Yahya, was given as 4108 Stony Ridge Rd. Apt 49. This address appeared on Deya's birth certificate issued on June 25, 2012. Zein signed this passport application on Deya's behalf with the notation "father," and Zein is listed as the emergency contact.
    b) People with whom Zein resided. In Zein's January 18, 2018 sworn testimony to USCIS, when asked about his addresses and with whom he resided, Zein did not disclose living with Mariyem Bediouh. On Deya's birth certificate certified on June 25, 2012, Bediouh's address is given as "41080 Stony Ridge Rd."
    c) Zein's denial of ever providing false or misleading information to any United States government official. On Zein's October 14, 2016 N-400 Application for Naturalization and in his January 18, 2018 sworn testimony to USCIS, when asked whether he had ever given any U.S. Government officials any information or documentation that was false, fraudulent, or misleading, Zein stated that he had not. USCIS found that Zein's January 18, 2018 sworn testimony to USCIS regarding information provided in his October 14, 2016 N-400 Application for Naturalization, in which he omitted the 4108 Stony Ridge Rd. Apt 49 among his addresses and omitted Mariyem Bediouh among the individuals with whom he lived, Zein had provided false or misleading information to a United States government official.
30. On September 6, 2019, with the assistance of counsel, Zein filed Form N-336, Request for a Hearing on a Decision in Naturalization Proceedings, seeking a redetermination for his denied application for naturalization. In this filing, Zein stated the following:
    a) Mariyem Bediouh was staying with Zein and Mohammed Elmoustapha when she gave birth to her son and daughter.
    b) Zein's testimony was not false because when he was asked whether he had ever lived with Mariyem Bediouh, he reasonably took the question to mean whether they had ever moved in with each other, and that implied in his understanding of "lived together" is that the arrangement be permanent or at least indefinite in length.
    c) Mariyam Bediouh stayed with Zein and Elmoustapha, and stayed with them again when she came on a temporary visitor visa, but she had stayed with Elmoustapha, a longtime family friend, at 4108 Stony Ridge Road without Zein, before.
    d) Zein had only moved in with Elmoustapha recently after Zein and his wife separated.
    e) In sum, Zein did understand that he was "living" with Mariyam when she was there visiting and Zein was being put up by a friend.
    f) Moussa was also a family friend who Mariyem stayed with when she traveled to the US, and who put Atigh up when he and his wife would have problems.

4

g) Mariyem Bediouh's affidavit says she gave the address on Zein's son's Mohamed's birth certificate, and that Zein did not check the 4108 Stony Ridge Road address on Mohamed's birth certificate when he signed it, and at the time, his English was not strong and he did not think to get someone to go over it with him to make sure all the information was accurate.

31. With Zein's September 6, 2019 Form N-336, Request for a Hearing on a Decision in Naturalization Proceedings, seeking a redetermination for his denied application for naturalization, Zein included the following declarations:
   a) From Mariyem mint Bedyouh, in Nouakchott, Mauritania, translated:
      i. She never lived with Zein, but used to visit him from time to time during her visits to the United States;
      ii. She stayed at 4108 Stony Ridge Rd., Apartment 49, Louisville, where she gave birth to Deya while hosted by Mr. Mostafa;
      iii. She stayed at 1600 King of Arms, Apartment D, Louisville, where she was hosted by Mr. Moussa Jakiti;
      iv. She stayed at 1600 King of Arms, Apartment H, where she gave birth to Mohamed and Sara and was hosted by Mr. Moustafa;
      v. She filled out the passport forms on her children's behalf and takes full responsibility for mixing addresses.
   b) From Moussa Diakite:
      i. He used to live at 1600 King of Arms Ct #D in Louisville;
      ii. Between the dates of January 23, 2004 – April 30, 2014 Mariem Bediyouh stayed with him;
      iii. His family and Mariem Bediyouh's family know each other in Mauritania.
   c) From Mohamed Elmoustapha Hamoud:
      i. He is a longtime family friend to Mariem Beddiyouh;
      ii. He hosted Mariem Beddiyouh in his apartment at 4108 Stony Ridge Road, Apt. 49, Louisville, from January 7, 2011 to April 16, 2011 and from May 27, 2011 to July 31, 2011.
      iii. He hosted Mariem Beddiyouh in his place located at 1600 King of Arms Court, Apt. H, from May 1, 2014 to December 22, 2014, and from April 7, 2015 to January 21, 2016.

32. On October 15, 2020, Zein appeared for a hearing to review the denial of his October 14, 2016 N-400 Application for Naturalization, pursuant to his September 6, 2019 Form N-336 Request for a Hearing on a Decision in Naturalization Proceedings. At that hearing, Zein stated that Mariyam Bediouh never lived with him at any of the addresses listed in his N-400 application and that he never lived with Mariyam Bediouh at any residences she lived in while in the United States.

33. On October 23, 2020, USCIS issued a post-hearing decision on Zein's September 6, 2019, Zein Form N-336 Request for a Hearing on a Decision in Naturalization Proceedings. USCIS reaffirmed the decision to deny Zein's Form N-400 Application for Naturalization. USCIS found that Zein was ineligible for naturalization because during the statutory period he gave false testimony to obtain an immigration benefit.
   a) Zein stated that he had not lived at 4108 Stony Ridge Road, Apt. 49, in Louisville. USCIS referred to the birth certificate of Zein's daughter, Deya, born June 25, 2012, and Zein's declaration of paternity for Deya, which Zein signed, listing 4108 Stony

       Ridge Road, Apartment 49, in Louisville as his address. USCIS also referred to the July 13, 2012 passport application for Deya, in which Zein gave 4108 Stony Ridge Road, Apt. 49, in Louisville, as his address.

    b) Zein stated he had not lived with Mariyem Bediouh. USCIS referred to the birth certificates and passport applications for his children Mohamed and Sarra in which Zein and Mariyem Bediouh both gave the same addresses at the same time for themselves, specifically 1600 King of Arms, Apt. D, and 1600 King of Arms, Apt. H, in Louisville.

34. Zein stated he did not give false or misleading information to any United States government official. USCIS found that the information in his application and testimony about his addresses and who he had lived with constituted false or misleading information Zein gave to a United States government official.

35. On August 9, 2021, Zein filed a petition with this Court seeking de novo review of the denial of his October 14, 2016 N-400 Application for Naturalization.

36. Zein remains a lawful permanent resident of the United States. USCIS's denial of Zein's naturalization application does not operate to alter his status as a lawful permanent resident of the United States. This Court's denial of his petition for judicial review of the denial of his naturalization application would not operate to alter his status as a lawful permanent resident of the United States.

[DE 17-1 at 163-67; DE 18 at 169-79].[3]

In 2021, Zein sued, seeking de novo review of the denial of his application for naturalization under 8 U.S.C. § 1421(c). [DE 1]. The parties now move for summary judgment. [DE 17; DE 18].

## STANDARD OF REVIEW

"Under 8 U.S.C. § 1421(c), a district court has broad authority to review the denial of an application for naturalization." *Shweika v. Dep't of Homeland Sec.*, 723 F.3d 710, 713 (6th Cir. 2013). Upon such review, the district court "shall make its own findings of fact and conclusions of law," and is not bound by factual or legal conclusions from the administrative record. *Id.*; *Kariuki v. Tarango*, 709 F.3d 495, 502 (5th Cir. 2013). Nevertheless, "the burden is on the alien applicant to show his eligibility in for citizenship in every respect," and "doubts should be resolved

---

[3] Defendants' agreed statement of facts contains an additional part "d" to paragraph 27 not in Plaintiff's statement: "d) From July, 2009 until March, 2014: 1101 Falcon Wood Rd., with his ex-wife, Danitza Mohamed Yahya, and her parents, until he moved out in March 2014." [DE 17-1 at 165].

in favor of the United States and against the claimant." *Berenyi v. Dist. Dir., Immigr. & Naturalization Serv.*, 385 U.S. 630, 671 (1967). The Sixth Circuit has held that the applicant must "establish his eligibility for citizenship by clear, convincing, and unequivocal evidence." *Dicicco v. U.S. Dep't of Just. I.N.S.*, 873 F.2d 910, 915 (6th Cir. 1989) (citing *Berenyi*, 385 U.S. at 636–37).

Though 8 U.S.C. § 1421(c) mandates that the reviewing court conduct a de novo hearing at the request of the petitioner, federal courts have not required an evidentiary hearing when there is no genuine dispute as to any material facts. *Ampe v. Johnson*, 157 F. Supp. 3d 1, 7–8 (D.D.C. 2016) (citing *Chan v. Gantner*, 464 F.3d 289, 295–96 (2d Cir. 2006)) *and Beleshi v. Holder*, No. 12-11681, 2014 WL 4638359, at *4 (E.D. Mich. Sept. 16, 2014). At its discretion, a reviewing court may conduct its de novo review in the context of a summary judgment ruling. *Lucaj v. Dedvukaj*, 13 F. Supp. 3d 753, 765 (E.D. Mich. 2014).

Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of specifying the basis for its motion and showing the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the nonmoving party must produce specific facts showing a material issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Factual differences are not considered material unless the differences are such that a reasonable jury could find for the party contesting the summary judgment motion. *Id.* at 252.

The Court must view the evidence and draw all reasonable inferences in a light most favorable to the nonmoving party. *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). But the nonmoving party must do more than show some "metaphysical doubt as to the material

facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party must present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" *Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 136 (6th Cir. 2014). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Liberty Lobby*, 477 U.S. at 252.

Rule 56(c)(1) requires that a "party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

## DISCUSSION

The question on de novo review is whether Zein met the "moral character" requirement of Immigration and Nationality Act ("INA"). 8 U.S.C. § 1427(a)(3) ("No person, except as otherwise provided in this subchapter, shall be naturalized unless such applicant . . . during all the periods referred to in this subsection has been and still is a person of good moral character"). "No person shall be regarded as, or found to be, a person of good moral character" if he "has given false testimony for the purpose of obtaining any benefits under this chapter." 8 U.S.C. § 1101(f)(6). "Testimony," as defined, is limited to "oral statements made under oath." *Kungys v. United States*, 485 U.S. 759, 780 (1988). The subject matter of such false testimony is irrelevant, and it does not matter whether the false testimony was given to hide a fact that would disqualify the applicant from naturalization. 8 C.F.R. § 316.10(b) (2)(vi). Furthermore, as the Supreme Court explained

8

in *Kungys*, "even the most immaterial of lies with the subjective intent of obtaining immigration or naturalization benefits" will justifiably prevent a finding of good moral character. *Kungys*, 485 U.S. at 779–80. Thus, neither accidental falsehoods nor willful misrepresentations for reasons other than obtaining immigration benefits are enough to foreclose a finding of good moral character; the Court must decide whether the applicant gave false testimony with the subjective intent of obtaining immigration or naturalization benefits. *See id.* In other words, "it is the subjective intent to deceive the federal government in an attempt to obtain an immigration benefit that reflects poorly upon an applicant's good moral character." *Omar v. Chertoff*, No. 1:06CV2750, 2010 WL 3036747, at *5 (N.D. Ohio June 22, 2010), *report and recommendation adopted,* No. 1:06 CV 2750, 2010 WL 3056853 (N.D. Ohio July 30, 2010) (citing *Kungys*, 485 U.S. at 779–80).

USCIS denied Zein's application for naturalization because he falsely testified about his address history and the people he resided with, and therefore lacked good moral character. [DE 17-1 at 165-66; DE 18 at 174-78]. Defendants argue that when asked for all addresses he lived and individuals he resided with, Zein gave false testimony with the subjective intent of obtaining naturalized citizenship by denying to USCIS that he lived with Bediouh. [DE 17 at 156-58]. Zein argues that he did not give this testimony with the subjective intent of obtaining an immigration benefit. [DE 18 at 180]. He argues his statement was not knowingly false, not made in order to obtain an immigration benefit, and at worst was a misunderstanding. [*Id.* at 180–187]. He states that he misunderstood the phrase "lived or resided with" to be an "intentional and/or indefinite way—ie. a similar type of living situation he had had with his wife." [*Id.* at 181-82]. Rather, he argues, he was not living with Bediouh, but "temporarily staying at the same mutual friends [sic] house, and so [he] answered accurately to his understanding of the question." [*Id.* at 182].

9

The Court first addresses whether Zein's testimony was false. The "false" testimony need not be material. *Kungys*, 485 U.S. 759. The parties' agreed facts are clear. Zein stated orally and under oath that he never lived with Bediouh. [DE 17 at 164; DE 18 at 172-73]. Zein stated this in an interview in connection with his application for naturalization. [DE 17 at 164; DE 18 at 172-73]. The parties' agreed facts also reveal that Zein and Bediouh were 'staying' in the same apartment, with mutual friends, three times: once for two months, later for seven months, then later for nine months.[4] [DE 17-1 at 164-66; DE 18 at 174-77; DE 21 at 222].[5] The USCIS also Zein falsely testified when he denied providing false or misleading information to any United States government official. [DE 17-1 at 165; DE 18 at 174]. At his redetermination hearing, Zein stated that Bediouh "stayed with Zein and Mohammed Elmoustapha when she gave birth to her son and daughter." [DE 17-1 at 166; DE 18 at 175]. Zein cannot change the meaning of the phrase "lived with" simply by using synonyms. Based on the agreed facts, Zein actually "lived" with Bediouh, and his testimony was false.

The remaining question is Zein's subjective intent. Zein argues that the Court should look at the context, "[a]nd the context in this case was that the question and answer at issue was asked as part of a series of questions having to do with his affair, the breakdown of his relationship with

---

[4] Zein clarifies that "the overlapping dates are at Moussa Diakite's apartment located at 1600 King of Arms Court, Apt D, Louisville, KY from March 2014 until April 30, 2014. And Mohamed Elmustapha Hamoud's apartment located at 1600 King of Arms Court, Apt. H, Louisville, KY from June 2014 until December 22, 2014 and between April 7, 2015 and January 21, 2016." [DE 18 at 181, n 3].

[5] Additionally, Zein and Bediouh have three children together. [DE 17-1 at 164; DE 18 at 173]. Zein and Bediouh applied for a passport for one of the children, a daughter called Deya, and both Zein and Bediouh put the same address—4108 Stony Ridge Rd. Apt 49—down as their own address. [DE 17-1 at 165; DE 18 at 174]. This Stony Ridge Rd. address is also listed on Deya's birth certificate. [DE 17-1 at 165; DE 18 at 174]. Zein did not disclose this address to USCIS when testifying about all the addresses at which he had lived. [DE 17-1 at 165; DE 18 at 174]. Zein contends that he did not live at this address, and Defendants "concede[] this narrow matter to be a contested issue of fact for purposes of the Court's consideration of the summary judgment motions before it. [DE 21 at 218-19]. The Court thus does not consider the question of Zein's alleged false testimony about this address.

his wife, and his moving out of the home they shared." [DE 18 at 181]. Defendants note further context for Zein's answer:

> Zein had previously, unsuccessfully attempted to obtain immigration benefits through two other marriages . . . If Zein's permanent residency was granted on false pretenses such as a sham marriage, he would be ineligible for naturalization. Zein knew from his prior attempts to obtain immigration benefits through prior marriages that the validity of marriage at issue was dispositive, as the dissolution or annulment of those marriages precluded the immigration benefits he sought. And it is readily apparent and a logical inference that, with that experience or even without it, Zein would recognize that admitting his ongoing and repeated cohabitation with a woman other than his wife might prompt further scrutiny of the validity of the third marriage he had sought to parlay into an immigration benefit, which could delay and perhaps derail his naturalization application.

[DE 19 at 201-2 (citations omitted)].

A particularly relevant fact to the inquiry of subjective intent is that, of the individuals and addresses Zein included on his application and testified to, all except one were mutual friends (other than his wife) that he was "living" with in a context dissimilar to his wife. [DE 17-1 at 164; DE 18 at 172]. For example, at his naturalization interview, Zein included Moussa Dakit, at 1600 King of Arms Ct., Apt. D, whom he lived with for four months. [DE 17-1 at 164; DE 18 at 172]. This fact conflicts with Zein's explanation of his interpretation of the phrase "lived or resided with." Furthermore, Zein does not argue that he lacks English language skills. Both a plain interpretation and a reasonable interpretation of the phrase "living or residing with," particularly along with the additional questioning at Zein's naturalization interview, would have yielded true testimony about his living arrangements with Bediouh.[6] "Thus, his convenient failure to provide

---

[6] Additionally, Zein argues that he "disclosed all relevant facts" and "was truthful in all the embarrassing details" including his address history, his move in with friends after his separation from his wife, and his children born out of wedlock. [DE 18 at 181; 20 at 212]. But as Defendants' note, "Zein did not disclose all relevant facts to USCIS," rather, he "specifically denied living with Mariyem Bediouh, with whom he shared the same apartment" on three different occasions. [DE 19 at 195]. It was "[o]nly after his naturalization application was denied, in his hearing for reconsideration of that denial due to those false statements [that] Zein acknowledge[d] those addresses and his cohabitation with Mariyem Bediouh." [*Id.*].

11

a complete answer to the question is not excused by any ambiguity in the form." *Edem-Effiong v. Acosta*, No. CIV.A. H-04-2025, 2006 WL 626406, at *6 (S.D. Tex. Mar. 13, 2006)

Furthermore, at the very least, Zein gave incomplete information or omitted information— when directly asked at his naturalization interview if he had ever lived with Bediouh, and about his residence in connection with her, Zein testified that he had never lived with her. [DE 17-1 at 164; DE 18 at 172]; *see Pinkhasov v. Gonzales*, No. 06 CV 3328 (RJD) (JO), 2007 U.S. Dist. LEXIS 56908, at *12 (E.D.N.Y. July 9, 2007) ("plaintiff made significant and apparently deliberate factual omissions . . . plaintiff has exhibited a significant lack of candor, and thus has failed to demonstrate good moral character . . . Plaintiff's application therefore is dismissed"). Thus "[t]he evidence [] reveals that plaintiff gave such false testimony in order to obtain an immigration benefit, i.e., naturalized citizenship." *Aboud v. I.N.S.*, 876 F. Supp. 938, 941 (S.D. Ohio 1994). Therefore, the subjective intent portion is met here, and Zein has failed to meet his burden of establishing his good moral character and has failed to show he is entitled to citizen ship through naturalization or that USCIS wrongly denied his naturalization application.[7] *See Omar*, 2010 WL 3036747, at *8) ("Because [plaintiff] is unable to demonstrate that false testimony regarding [his wife's] residence at the time of the July 2001 interview was not given to obtain immigration benefits, [plaintiff] is unable to meet his burden of establishing the good moral character required to qualify for naturalization."); *see also Sekibo v. Chertoff*, No. H-08-2219, 2010 WL 2196271, at *3 (S.D. Tex. May 26, 2010) (granting summary judgment where plaintiff explained his statements with "genuine error" and "misunderstanding"). The Court thus **GRANTS**

---

[7] Along the same vein, Zein argues that his subjective intent is still at issue and that the Court should deny Defendants' motion for summary judgment, order discovery, and set an evidentiary hearing and bench trial. [DE 18 at 188-89]. For the reasons above, the Court rejects this argument.

Defendants' motion for summary judgment [DE 17] and **DENIES** Zein's motion for summary judgment [DE 18].

## CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1)　Defendants' motion for summary judgment [DE 17] is **GRANTED;**

(2)　Zein's motion for summary judgment [DE 18] is **DENIED;**

(3)　The case is **DISMISSED** with **PREJUDICE**.

Rebecca Grady Jennings, District Judge
United States District Court

February 6, 2023

cc: counsel of record